**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**AMY DGINGUERIAN a/k/a AMY WEBER,**
**ARIANNY CELESTE LOPEZ, TARA**
**LEIGH PATRICK a/k/a CARMEN ELECTRA,**
**MARIANA DAVALOS, CIELO JEAN GIBSON,**
**DANIELLE RUIZ, DENISE TRLICA a/k/a**
**DENISE MILANI, JACLYN SWEDBURG,**
**JAIME EDMONDSON-LONGORIA, JESSICA**
**BURCIAGA, INA SCHNITZER a/k/a JORDAN**
**CARVER, LINA POSADA, LUCY PINDER,**
**PAOLA CANAS, SARA UNDERWOOD,**
**TIFFANY TOTH GRAY, and TYRAN**
**MAKELLE RICHARD,**

        **Plaintiffs,**

**v.**                                 **Case No.: 1:18-cv-22231-MGC**

**PORKY'S CABARET, INC., d/b/a BELLA'S**
**CABARET,**

        **Defendant,**

_____/

## JOINT MOTION FOR A STAY OF DISCOVERY AND ALL OTHER MATTERS IN THIS ACTION

    Defendant, PORKY'S CABARET, INC., d/b/a BELLA'S CABARET (hereinafter "Porky's"), a Florida Corporation, and Plaintiffs**,** AMY DGINGUERIAN a/k/a AMY WEBER, ARIANNY CELESTE LOPEZ, TARA  LEIGH PATRICK a/k/a CARMEN ELECTRA, MARIANA DAVALOS, CIELO JEAN GIBSON, DANIELLE RUIZ, DENISE TRLICA a/k/a DENISE MILANI, JACLYN SWEDBURG, JAIME EDMONDSON-LONGORIA, JESSICA BURCIAGA, INA SCHNITZER a/k/a JORDAN CARVER, LINA POSADA, LUCY PINDER, PAOLA CANAS, SARA UNDERWOOD,  TIFFANY TOTH GRAY, and TYRAN MAKELLE RICHARD, by and through the undersigned counsel, hereby file this motion respectfully

1

requesting the Court issue an order staying all discovery and all other matters in this action, and in support thereof, state as follows:

1.      On or about June 5, 2018, the Plaintiffs filed a Complaint against the Defendants for misappropriation of Plaintiffs' images on Defendant's social media pages and website.

2.      On or about October 4, 2018, AIX Specialty Insurance Company, the insurer for Defendant, Porky's filed a Complaint for Declaratory Relief (hereinafter, "Declaratory action") in the matter of *AIX Specialty Insurance Company v. Porky's Cabaret, Inc. d/b/a Bella's Cabaret*, Case No. 1:18-cv-24099 (S.D. Fla. 2018) asking this Court for a judgment declaring the parties' respective rights, duties and obligations under a commercial general liability policy of insurance.

3.      This Court, in the Declaratory action, set the scheduling deadlines as follows:

•      Trial is to occur during the two-week trial period commencing on September 30, 2019.

•      All discovery, including expert discovery, need to be completed by June 3, 2019.

•      The mediation is to be completed by June 10, 2019.

•      All pre-trial motions and Daubert motions shall be filed by June 18, 2019.

*AIX Specialty Insurance Company v. Porky's Cabaret, Inc. d/b/a Bella's Cabaret*, Case No. 1:18-cv-24099 (S.D. Fla. 2018) (Doc. 37.)

4.      The parties then coordinated a mediation to occur on April 30, 2019 in the Declaratory action. *AIX Specialty Insurance Company v. Porky's Cabaret, Inc. d/b/a Bella's Cabaret*, Case No. 1:18-cv-24099 (S.D. Fla. 2018) (Doc. 56.)

5.      This Court, in the subject matter, set some of the scheduling deadlines as follows:

- Trial is to occur during the two-week trial period commencing on September 16, 2019.

- All fact discovery must be completed by May 3, 2019.

- All dispositive and other pretrial motions must be filed by May 10, 2019.

- Plaintiffs must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify by May 17, 2019.

- Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify by May 31, 2019.

- Mediation must be completed by June 28, 2019. (Doc. 17.)

6.    It is evident that the subject action would be disposed before the Declaratory action if the Motion to Stay is not granted by this Court as this matter's deadlines are much more ahead than the Declaratory action's deadlines.

7.    For instance, a mediation is scheduled to occur in the Declaratory action on April 30, 2019, where the Porky's and the insurance carrier might settle the matter and the insurance carrier will agree to defend the subject matter, thus eliminating the need for Porky's to spend considerable resources in defending the subject action out of their own pocket.

8.    If, however, this settlement is not reached at the April 30, 2019 mediation, the stay of discovery and all other matters in this action will allow the Plaintiffs and Defendant an opportunity to resolve the Declaratory action before spending considerable resources on discovery, expert witness, dispositive motions and mediation.

**MEMORANDUM OF LAW**

9.      This Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000).

10.      A stay of proceedings may also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. *See Clinton,* 520 U.S. at 706; *see also American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.,* 743 F.2d 1519, 1525 (11th Cir. 1984).

11.      In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola–Beeche v. U.S. Dep't of Justice,* 662 F.Supp. 1414, 1417–18 (S.D. Fla. 1987). Courts in this district have held that "[a] stay of discovery is appropriate where the movant shows 'good cause and reasonableness.'" *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (citation omitted). "[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Varga*, *supra* (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003); *see also McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla 2006); *see also Borislow v. Canaccord Genuity Group Inc.*, No. 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (granting stay of discovery pending resolution of defendant's motion to dismiss).

12.     A stay of discovery may be warranted when a pending dispositive motion will dispose of the entire case and thereby eliminate the need for discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

13.     Florida courts favor swift resolutions of the coverage issues in declaratory actions because knowing whether coverage is afforded is in the best interest of all parties, as stated by then state appellate judge, and now Florida Supreme Court Justice Pariente:

> Generally, an insurance carrier should be entitled to an expeditious resolution of coverage where there are no significant, countervailing considerations. A prompt determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement of claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.

*Britamco Underwriters v. Central Jersey Invests., Inc.*, 632 So.2d 138, 141 (Fla. 4th DCA 1994).

14.     Here, a stay of discovery and all other matters in this case pending resolution of Declaratory action is necessary and appropriate given that the resolution of the Declaratory action will establish whether the insurer is obligated to defend the subject action or whether the Defendant is required to spend its own resources on defending the subject action. No potential for harm would befall the Plaintiffs or the Defendant or any party if the instant Motion is granted, and it is certainly in the public interest to preserve judicial resources while a Declaratory action is reviewed and decided on by this Court.

15.     The insurance determination before the subject tort action determination will certainly benefit the Defendant, the insurer and the Plaintiffs in this matter. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the

claims. The Plaintiffs here would also benefit from a resolution of coverage in favor of Porky's before spending dozens of thousands of dollars on prosecution of this action. On the other hand, if coverage does not exist, the Plaintiffs may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.

16.     Absent a stay of discovery and all other matters in this action, pending determination of the Declaratory action, Defendant itself will be forced to expend considerable resources engaging in discovery, retaining experts and opposing dispositive motions. The Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted. *See Chudasama*, 123 F. 3d at 1367-68.

17.     Based on the foregoing, it is respectfully requested that this Court issue an Order staying discovery and all other matters in this action, until such time as the Declaratory action is disposed of.

18.     If this Motion is granted, the parties would file a joint status report regarding any further proceedings in this Court within fourteen days of a resolution of the Declaratory action.

Dated: April 25, 2019.

Respectfully Submitted,

*/s/Luke Lirot*
Luke Lirot, Esq.
Florida Bar Number 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Attorney for the Defendant*
luke2@lirotlaw.com  (primary e-mail)
justin@lirotlaw.com  (secondary e-mail)
jimmy@lirotlaw.com (secondary e-mail)

*/s/ Ludmila Khomiak*
Ludmila Khomiak, Esq.
Florida Bar No.: 91757
THE CASAS LAW FIRM, P.C.
Brickell Bayview Center
80 S. W. 8th Street, Suite 2000
Miami, FL 33130
Phone: (786) 671-3244
Fax: (786) 671-3243
*Attorney for Plaintiffs*
mila@casaslawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

*/s/Ludmila Khomiak*
Ludmila Khomiak, Esquire
Florida Bar Number 91757